# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TERRY SHERIDAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:14-cv-01250 |
| | ) Judge Campbell / Knowles |
| UNITED RECOVERY SYSTEMS, LP, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's Motion for Summary Judgment. Docket No. 27. In support of its Motion, Defendant has contemporaneously filed a supporting Memorandum of Law with Exhibits (Docket Nos. 28 - 28-3), a "Statement of Material Facts Not In Dispute" (Docket No. 29), and the Declaration with Exhibits of Michael Kelleher (Docket No. 29-1, Exs. A, B).

Plaintiff has not responded to the instant Motion or to the Statement of Material Facts not in Dispute, nor has he filed his own statement of undisputed facts.

Plaintiff filed this pro se, in forma pauperis action alleging that Defendant violated his rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681p, et al. Docket No. 1. Specifically, Plaintiff avers that, "on or about March 18, 2014, [he] obtained his three consumer credit reports from the three (3) major credit reporting bureaus Equifax, Transunion and Experian" and "noticed and found an inquiry by defendant UNITED RECOVERY SYSTEMS to obtain Plaintiff's consumer credit report on October 14, 2013." *Id.* at 2 (capitalization original).

Plaintiff argues that Defendant is a "credit furnisher" within the meaning of 15 U.S.C. § 1681a(c) with whom he has never had any business dealings, applied for any credit or services, applied for employment, or "executed any contracts resulting in an account in favor of the defendant." *Id.* Plaintiff contends that Defendant obtained Plaintiff's consumer credit report with no "permissible purpose" on October 14, 2013, in what "appears to be a violation of 15 U.S.C. § 1681(b)." *Id.* at 3. Plaintiff avers that he notified Defendant of his dispute by mail, "in an attempt to mitigate his damages and obtain settlement prior to bringing this action," but received no reply "after servicing notice upon them." *Id.*

Plaintiff continues:

> 17. At no time did Plaintiff give the defendant permission to obtain his consumer credit report from any credit reporting agency. The actions of the defendant in obtaining Plaintiff's consumer credit report with no permissible purpose or Plaintiffs [*sic*] consent was a willful violation of 15 U.S.C. § 1681(b), and an egregious violation of Plaintiff's right to privacy. Defendant's violation may also be a criminal violation pursuant to 15 U.S.C. § 1681q.
>
> 18. Defendant had a duty to properly ascertain if there was in fact any legitimate permissible purpose for obtaining Plaintiff's consumer credit report. Defendant however breached said duty by failing to do so. There was no account that Defendant had a right to collect, resulting in defendant obtaining Plaintiff's consumer credit report. Therefore Plaintiff may be entitled to damages by operation of law.

*Id.*

Plaintiff seeks "statutory damages of $1,000.00, any punitive damages that the court sees fit, all costs, and attorney's fees pursuant to 15 U.S.C. § 1681n." *Id.*

Defendant filed the instant Motion for Summary Judgment arguing that there is no dispute as to the material facts or the applicable law and that it is entitled to summary judgment

because there was no FCRA violation since it had a permissible purpose for requesting a copy of Plaintiff's credit report; namely, that it was "in furtherance of its efforts to collect a debt owed by Plaintiff to a third-party that hired [Defendant] to collect the debt." Docket No. 28 at 1, *referencing* 15 U.S.C. § 1681b(a)(3)(A).

For the reasons to be discussed below, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED, and that this action be DISMISSED.

## II. Undisputed Facts

At all times relevant to the case at bar, Defendant has been authorized to collect debts in the State of Tennessee. Docket No. 29-1, Declaration of Michael Kelleher ("Kelleher Dec."), ¶ 1. On October 11, 2013, T-Mobile USA, Inc. ("Client") placed Plaintiff's account ending in 4425 ("Account") with Defendant for collection. *Id.*, ¶¶ 2, 3. At the time of the placement, the Client represented to Defendant that the Account was in default and that a balance of $335.51 was valid, due, and owing by Plaintiff. *Id.*, ¶ 3. The Client sent information confirming the debt to Defendant, and Defendant incorporated that information into its file on Plaintiff. *Id.*

The Client informed Defendant of Plaintiff's social security number and residential address. *Id.*, ¶ 4. Using that information, Defendant requested a partial copy of Plaintiff's credit report from TransUnion on October 14, 2013, with the intent that it would assist Defendant with its collection efforts. *Id.*, ¶ 5. Defendant requested Plaintiff's credit report solely to assist in its collection of the debt and not for any other purpose, and so certified to TransUnion. *Id.* That same day, October 14, 2013, Defendant received electronically from TransUnion the requested information. *Id.*, ¶ 6. The information automatically populated into Defendant's electronic file on Plaintiff. *Id.*

3

The TransUnion credit report was the only report Defendant requested in its collection efforts for Plaintiff. *Id.*, ¶ 7.

### III. Analysis

**A. Local Rules 7.01(b) and 56.01(c) and (g)**

Local Rule 7.01(b) states, in pertinent part:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits, and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendant filed the pending Motion on October 8, 2014. Docket No. 27. Plaintiff has failed to respond to the instant Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> c. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant ...
>
> . . .
>
> g. Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendant's Statement of Material Facts Not in Dispute. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendant is

4

entitled to a judgment as a matter of law.

**B. Summary Judgment Standards**

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met its burden under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the

evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

## C. Fair Credit Reporting Act ("FCRA")

In the Sixth Circuit, in order to establish a violation of the FCRA, a plaintiff must demonstrate all of the following:

> To maintain a claim for improper use of a credit report, the plaintiff must prove that the defendant acted with the specified level of culpability. The plaintiff must also show three elements: (i) that there was a 'consumer report' within the meaning of the statute; (ii) that the defendant used or obtained it; and (iii) that the defendant did so without a permissible statutory purpose. If [the plaintiff] fails to demonstrate any element of this analysis the [FCRA] claim must fail.

*Bickley v. Dish Network, LLC,* 751 F.3d 724, 728 (6th Cir. 2014)(internal citations and quotations omitted).

The FCRA provides several permissible purposes for which a credit reporting agency may release a credit report (*see* 15 U.S.C. § 1681b(a)-(c)), one of which is to review or collect on the account of the consumer (15 U.S.C. §1681b(a)(3)(A)).

**D. The Case At Bar**

The parties do not dispute that there was a "consumer report" within the meaning of the statute or that Defendant obtained a copy of that report from TransUnion. The remaining issue is, therefore, whether Defendant requested and obtained that report for a permissible purpose under the FCRA.

It is undisputed that, at all times relevant to the case at bar, Defendant has been authorized to collect debts in the State of Tennessee. Kelleher Dec., ¶ 1. It is further undisputed that, on October 11, 2013, T-Mobile USA, Inc. placed Plaintiff's account ending in 4425 with Defendant for collection, and that, at the time of the placement, the T-Mobile represented to Defendant that Plaintiff's account ending in 4425 was in default and that a balance of $335.51 was valid, due, and owing by Plaintiff. *Id.*, ¶¶ 2, 3. It is additionally undisputed that Defendant requested one copy of Plaintiff's credit report from TransUnion; that it did so solely to assist in its collection of the debt and not for any other purpose; and that it so certified to TransUnion. *Id.*, ¶¶ 5, 7.

Because reviewing or collecting on the account of the consumer is a permissible purpose for requesting and obtaining a person's credit report under the FCRA, and because it is undisputed that Defendant requested and obtained one copy of Plaintiff's credit report solely to assist in its collection of Plaintiff's T-Mobile USA, Inc. account debt and not for any other purpose, Defendant is entitled to a judgment as a matter of law.

In light of the foregoing, there are no genuine issues as to material fact and Defendant is entitled to a judgment as a matter of law.  Defendant's Motion should, therefore, be GRANTED.

### III.  Conclusion

For the reasons discussed above, the undersigned recommends that Defendant's Motion for Summary Judgment (Docket No. 27) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge